IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO GIL JR., PABLO ALANIZ JR., JUAN ORTIZ, LUCAS LOPEZ, and ANGEL ARREDONDO, individually and on behalf of others similarly situated | | PLAINTIFFS |
| v. | Case No. 2:16-cv-00071 JURY | |
| DE LAUNE D RILLING SERVICE, LTD. DE LAUNE DRILLING SERVICE MANAGEMENT CO., LLC, BERNIE DE LAUNE, and MARK DE LAUNE | | DEFENDANTS |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR OPPOSED
MOTION FOR CONDITIONAL CLASS CERTIFICATION
AND COURT-AUTHORIZED NOTICE**

## I. INTRODUCTION

This is a collective action under the Fair Labor Standards Act for wages owed. Defendants De Laune Drilling Service, Ltd., De Laune Drilling Service Management Co., LLC, Bernie De Laune, and Mark De Laune (collectively, "De Laune") operate a drilling business that works throughout Texas. Plaintiffs worked as Drilling Hands and Tool Pushers performing a variety of manual labor, such as operating equipment and welding. Plaintiffs, and other Drilling Hands and Tool Pushers, often worked in excess of 40 hours per week but were classified as exempt from the Fair Labor Standards Act's overtime requirements. Drilling Hands and Tool Pushers, however, do not fit within any

exemptions to the FLSA, and De Laune's class-wide classification decision violates federal law.

Conditional certification is appropriate here because all Drilling Hands and Tool Pushers are similarly situated within their respective class. De Laune's classification decision, job title, job duties, and company policies applying to Drilling Hands apply to all Drilling Hands, regardless of location. Likewise, De Laune's classification decision and policies applying to Tool Pushers apply to all Tool Pushers. As a result of De Laune's company-wide classification decision, Drilling Hands and Tool Pushers were not paid an overtime premium in violation of the FLSA. Plaintiffs bring this suit individually and on behalf of others similarly situated to recover overtime wages, liquidated damages, attorneys' fees, costs, and expenses, and all other relief allowed by law. The Court should grant Plaintiffs' motion for conditional certification and distribute court-approved notice.

## II. STATEMENT OF FACTS

De Laune is a Texas company that provides drilling services to drill holes for the installation of conductor pipe for oil and gas wells. (*De Laune Drilling Job Advertisement* [Ex. C]). De Laune provides these services in Texas. (*Gil Jr. Dec.* [Ex. D] ¶ 1; *Alaniz Jr. Dec.* [Ex. E] ¶ 1; *Ortiz Dec.* [Ex. F] ¶ 1; *Lopez Dec.* [Ex. G] ¶ 1). De Laune employs various job positions to provide this service, including Drill Hands and Tool Pushers. (*Gil Jr. Dec.* [Ex. D] ¶ 1; *Alaniz Jr. Dec.* [Ex. E] ¶ 1; *Ortiz Dec.* [Ex. F] ¶ 1; *Lopez Dec.* [Ex. G] ¶ 1).

Drill Hands perform a variety of manual labor tasks on the job site. (*Gil Jr. Dec.* [Ex. D] ¶ 5; *Ortiz Dec.* [Ex. F] ¶ 5; *Lopez Dec.* [Ex. G] ¶ 5). Drill Hands are responsible for unloading and welding pipe used during the drilling process, and also operating heavy

equipment on the job site. (*Gil Jr. Dec.* [Ex. D] ¶ 5; *Ortiz Dec.* [Ex. F] ¶ 5; *Lopez Dec.* [Ex. G] ¶ 5). Drill Hands also clean up the job site after the work is complete. (*Gil Jr. Dec.* [Ex. D] ¶ 5; *Ortiz Dec.* [Ex. F] ¶ 5; *Lopez Dec.* [Ex. G] ¶ 5). Drill Hands are not required to have any specialized education or training, and they learn what they need to know on the job. (*Gil Jr. Dec.* [Ex. D] ¶ 4; *Ortiz Dec.* [Ex. F] ¶ 4; *Lopez Dec.* [Ex. G] ¶ 4). Drill Hands do not supervise any employees, and they do not have the authority to hire or fire other employees. (*Gil Jr. Dec.* [Ex. D] ¶ 4; *Ortiz Dec.* [Ex. F] ¶ 4; *Lopez Dec.* [Ex. G] ¶ 4). They also do not make recommendations about hiring and firing other employees. (*Gil Jr. Dec.* [Ex. D] ¶ 4; *Ortiz Dec.* [Ex. F] ¶ 4; *Lopez Dec.* [Ex. G] ¶ 4).

Likewise, De Laune employs Tool Pushers to serve as working foreman, performing manual labor alongside Drill Hands and other employees. (*Alaniz Jr. Dec.* [Ex. E] ¶ 5). Tool Pushers make sure the crew have the supplies needed for the job, and once they arrived at the job, Tool Pushers operate the drilling rig. (*Alaniz Jr. Dec.* [Ex. E] ¶ 5). Like Drill Hands, Tool Pushers are not required to have any specialized education or training, and they learn what they needed to know on the job. (*Alaniz Jr. Dec.* [Ex. E] ¶ 4). Moreover, Tool Pushers do not hire or fire employees, and they do not make recommendations about hiring or firing. (*Alaniz Jr. Dec.* [Ex. E] ¶ 6). Tool Pushers do not evaluate employees and cannot not pick the people on the crew. (*Alaniz Jr. Dec.* [Ex. E] ¶ 6).

Drill Hands and Tool Pushers work long hours. Their typical schedule is 12 days on and then 2 days off. (*Gil Jr. Dec.* [Ex. D] ¶ 3; *Alaniz Jr. Dec.* [Ex. E] ¶ 3; *Ortiz Dec.* [Ex. F] ¶ 3; *Lopez Dec.* [Ex. G] ¶ 3). Drill Hands and Tool Pushers all work an average of 16-18

hours each day. (*Gil Jr. Dec.* [Ex. D] ¶ 3; *Alaniz Jr. Dec.* [Ex. E] ¶ 3; *Ortiz Dec.* [Ex. F] ¶ 3; *Lopez Dec.* [Ex. G] ¶ 3). Drill Hands and Tool Pushers, regardless of the job location, regularly work in excess of 40 hours per week without being paid an overtime premium. (*Gil Jr. Dec.* [Ex. D] ¶ 3; *Alaniz Jr. Dec.* [Ex. E] ¶ 3; *Ortiz Dec.* [Ex. F] ¶ 3; *Lopez Dec.* [Ex. G] ¶ 3). These employees are paid a salary and receive job completion bonuses. (*Gil Jr. Dec.* [Ex. D] ¶ 2; *Alaniz Jr. Dec.* [Ex. E] ¶ 2; *Ortiz Dec.* [Ex. F] ¶ 2; *Lopez Dec.* [Ex. G] ¶ 2). Drill Hands and Tool Pushers are not exempt employees, however, because their primary job duty is the performance of non-exempt work. (*Gil Jr. Dec.* [Ex. D] ¶¶ 4–5; *Alaniz Jr. Dec.* [Ex. E] ¶¶ 4–6; *Ortiz Dec.* [Ex. F] ¶¶ 4–5; *Lopez Dec.* [Ex. G] ¶¶ 4–5). Likewise, Drill Hands and Tool Pushers do not hire or fire employees, and their recommendations as to hiring, firing, or other changes in employment status are not given particular weight. (*Gil Jr. Dec.* [Ex. D] ¶ 4; *Alaniz Jr. Dec.* [Ex. E] ¶ 6; *Ortiz Dec.* [Ex. F] ¶ 4; *Lopez Dec.* [Ex. G] ¶ 4). All Drill Hands and Tool Pushers, without regard to the location of the job site, work the same schedule and perform the same job duties. (*Gil Jr. Dec.* [Ex. D] ¶¶ 3, 5; *Alaniz Jr. Dec.* [Ex. E] ¶¶ 3, 5–6; *Ortiz Dec.* [Ex. F] ¶¶ 3, 5; *Lopez Dec.* [Ex. G] ¶¶ 3, 5).

### III. LEGAL STANDARD

#### A. *The FLSA's Overtime Pay Requirements*

Under the Fair Labor Standards Act, employees are entitled to overtime compensation in an amount not less than one-and-a-half times his regular rate of pay for each hour worked in excess of forty in a given week. 29 U.S.C. § 207(a)(1). The FLSA, however, exempts from its overtime payment requirement "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

Exemptions to the FLSA must be narrowly construed in order to further Congress' goal of providing broad federal employment protection. *McDonnell v. City of Omaha*, 999 F.2d 293, 295 (8th Cir. 1993). Employers have the burden of proving that the exemption applies, and they must demonstrate that their employees fit plainly and unmistakably within the exemption's terms and spirits. *Id.* at 296.

> B.  *The FLSA's Two-Stage Certification Process.*

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). The FLSA permits Plaintiffs to bring actions "for and on behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). "The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test." *In re Wells Fargo Wage & Hour Empl. Practices Litig.*, MDL No. H-11-2266, 2012 U.S. Dist. LEXIS 112769, at *58 (S.D. Tex. Aug. 10, 2012). Under the *Lusardi* two-stage approach, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).

At *Lusardi*'s first stage, the "notice" stage, the court makes a decision, usually based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *Id.* "The decision is made using a 'fairly lenient standard,' because the court often has minimal evidence at this stage of

the litigation." *In re Wells Fargo*, 2012 U.S. Dist. LEXIS 112769, at *59 (quoting *Mooney*, 54 F.3d at 1214)). "Courts, in fact, 'appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Courts in this circuit require plaintiffs to show: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiffs in relevant respects given the claims and defenses asserted.[1] *Luvianos v. Gratis Cellular, Inc.*, No. H-12-1067, 2012 U.S. Dist. LEXIS 183027, at *14 (S.D. Tex. Dec. 10, 2012). The conditional certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations. *Id.* at *20. "Thus, notice stage analysis typically results

---

[1] Some courts further require plaintiffs to show that other individuals wish to opt into the lawsuit, but many courts reject this third, non-statutory element. *See, e.g. Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, at *8–9 (S.D. Tex. Dec. 11, 2008); *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007); *Luvianos*, 2012 U.S. Dist. LEXIS 183027, at *15–16 (rejecting this requirement and noting that it is not a statutory requirement, no appellate courts have discussed this element, the Fifth Circuit's discussion of *Lusardi* does not require such a showing, and such a requirement "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purpose."). In any event, the consents and additional declarations noting that De Laune's common policies applied to other Drill Hands and Tool Pushers support a finding that there are potential class members who desire to opt in. *See, e.g., Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 768 (N.D. Tex. 2013); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, *29–34 (E.D. La. June 13, 2013); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010); *Cruz v. Lawson Software, Inc.*, No. 08-5900 (MDJ/JSM), 2009 U.S. Dist. LEXIS 130882, at *29 (D. Minn. March 31, 2009) (the interest requirement may be applicable if there are only one or two named plaintiffs, but such analysis is likely inapplicable when several employees together commence the action).

in conditional certification of a representative class." *In re Wells Fargo*, 2012 U.S. Dist. LEXIS 112769, at *59.

The second stage, the "decertification" stage, is prompted by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* At the decertification stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. *Id.* "The remedial nature of the FLSA and the purposes of Section 216 militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 U.S. Dist. LEXIS 52568, at *96–97 (S.D. Tex. July 9, 2008).

### IV. ARGUMENT

#### A. *The Court Should Conditionally Certify Classes of All Drill Hands and Tool Pushers Who Worked at De Laune Within the Past Three Years.*

All Drill Hands and Tool Pushers who worked for De Laune are similarly situated within their respective class and should be invited to join this action. At the notice stage, Plaintiffs must only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *Luvianos*, 2012 U.S. Dist. LEXIS 183027, at *16–17. This modest factual showing is satisfied when Plaintiffs show: (1) that other aggrieved individuals exist; and (2) these individuals are similarly situated with respect to the pay practice at issue. *Villarreal*, 751 F. Supp. 2d at 915. Plaintiffs have made this modest factual showing and conditional certification is appropriate.

1. *Other Aggrieved Individuals Exist.*

Courts find that the first element in this analysis is a lenient one, and explain that "plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Id.* at 916. "It is enough for Plaintiffs to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent." *Luvianos*, 2012 U.S. Dist. LEXIS 183027, at *16. This element is met when plaintiffs present declarations in support of their assertions that show that there are other nonexempt, aggrieved individuals who worked more than forty hours in a week but did not receive overtime. *Villarreal*, 751 F. Supp. 2d at 917.

Like in *Villarreal*, Plaintiffs have met their lenient burden of showing that other aggrieved individuals exist. The evidence presented confirms that other Drill Hands and Tool Pushers worked well over 40 hours per week, without overtime compensation, performing nonexempt duties. (*Gil Jr. Dec.* [Ex. D] ¶¶ 3, 5; *Alaniz Jr. Dec.* [Ex. E] ¶¶ 3, 5–6; *Ortiz Dec.* [Ex. F] ¶¶ 3, 5; *Lopez Dec.* [Ex. G] ¶¶ 3, 5). These declarations "show that Defendant allegedly implemented the same policy with respect to different employees." *Id.* at 918. "In light of these statements . . . Plaintiff[s] ha[ve] shown that it is reasonable to believe that there are other aggrieved employees." *Id.; see also White*, 2013 U.S. Dist. LEXIS 83298, at *32–33. Other Drill Hands and Tool Pushers were subject to De Laune's work requirements that violate the FLSA. As a result, other aggrieved individuals exist and the Court should grant Plaintiffs' motion for conditional certification.

> 2. *All Drill Hands and Tool Pushers are Similarly Situated Within Their Respective Class Because They are All Subject to the Same Illegal Misclassification Policy.*

All Drill Hands and Tool Pushers working for De Laune are similarly situated and should be invited to join this action. At the notice stage, Plaintiffs meet their lenient burden if they make substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. *Mooney*, 54 F.3d at 1214 n.8. In making this determination, courts generally look to the "factual and employment settings" of the individual plaintiffs, and whether there was a "common policy or plan" affecting the potential plaintiffs. *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-cv-00738, 2012 U.S. Dist. LEXIS 12911, at *7 (S.D. Tex. Feb. 2, 2012) (internal citations omitted).

Drill Hands and Tool Pushers are similarly situated because they are subject to a clear, "single decision, policy, or plan," which applies to all of its Drill Hands and Tool Pushers respectively throughout Texas. Drill Hands and Tool Pushers, regardless of the job site location, regularly work in excess of 40 hours per week. (*Gil Jr. Dec.* [Ex. D] ¶ 3; *Alaniz Jr. Dec.* [Ex. E] ¶ 3; *Ortiz Dec.* [Ex. F] ¶ 3; *Lopez Dec.* [Ex. G] ¶ 3).De Laune, however, classified Drill Hands and Tool Pushers as exempt employees and they are not paid overtime compensation when they work over 40 hours in a workweek. (*Gil Jr. Dec.* [Ex. D] ¶ 3; *Alaniz Jr. Dec.* [Ex. E] ¶ 3; *Ortiz Dec.* [Ex. F] ¶ 3; *Lopez Dec.* [Ex. G] ¶ 3). These employees were paid a salary and received job completion bonuses. (*Gil Jr. Dec.* [Ex. D] ¶ 2; *Alaniz Jr. Dec.* [Ex. E] ¶ 2; *Ortiz Dec.* [Ex. F] ¶ 2; *Lopez Dec.* [Ex. G] ¶ 2).

De Laune's common classification decision violates the FLSA because Drill Hands and Tool Pushers are not exempt employees. These employees are misclassified because

their primary job duty is the performance of non-exempt work. (*Gil Jr. Dec.* [Ex. D] ¶¶ 4–5; *Alaniz Jr. Dec.* [Ex. E] ¶¶ 4–6; *Ortiz Dec.* [Ex. F] ¶¶ 4–5; *Lopez Dec.* [Ex. G] ¶¶ 4–5). Likewise, Drill Hands and Tool Pushers do not hire or fire employees, and their recommendations as to hiring, firing, or other changes in employment status are not given particular weight. (*Gil Jr. Dec.* [Ex. D] ¶ 4; *Alaniz Jr. Dec.* [Ex. E] ¶ 6; *Ortiz Dec.* [Ex. F] ¶ 4; *Lopez Dec.* [Ex. G] ¶ 4). All Drill Hands and Tool Pushers, without regard to the location of the job site, worked the same schedule and performed the same job duties. (*Gil Jr. Dec.* [Ex. D] ¶¶ 3, 5; *Alaniz Jr. Dec.* [Ex. E] ¶¶ 3, 5–6; *Ortiz Dec.* [Ex. F] ¶¶ 3, 5; *Lopez Dec.* [Ex. G] ¶¶ 3, 5). Whether De Laune's classification decision violates the FLSA can be determined on a class-wide basis. Thus, Plaintiffs' claims are appropriate for collective treatment.

Courts routinely grant conditional certification in similar misclassification cases. *See, e.g., Dreyer*, 2008 U.S. Dist. LEXIS 101297 (granting conditional certification of nationwide misclassification class based on declaration of two named plaintiffs); *Nixon v. ETS Oilfield Services L.P.*, No. 4:13CV00726 JMM, Doc. 47 (E.D. Ark. Jan. 6, 2015) (granting conditional certification of nationwide misclassification class when Plaintiffs only worked in a few states "because Plaintiffs allege that the location of the well did not alter their duties"); *In re Wells Fargo*, 2012 U.S. Dist. LEXIS 112769 (granting conditional certification of nationwide misclassification case when Plaintiffs presented evidence that the job duties of each putative class member were the same regardless of location); *Cruz*, 2009 U.S. Dist. LEXIS 130882 ("Plaintiffs only need to show that their duties and pay provisions were similar, not that they were identical. At the conditional certification

stage, Plaintiffs are not required to provide evidence showing [the employer]'s illegal practice at every location or that Plaintiffs are identically situated to putative class members in all respects"); *Burch v. Qwest Comm'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1187 (D. Minn. 2007) (same); *Smith v. Frac Tech Servs.*, No. 4:09CV000679 JLH, 2009 U.S. Dist. LEXIS 109930, at *23–24 (E.D. Ark. Nov. 24, 2009) (granting conditional certification of nationwide class of Service Supervisors alleging they were misclassified as exempt employees under the FLSA); *Jaso v. Bulldog Connection Specialists LLC*, No. 2:15-CV-269, 2015 U.S. Dist. LEXIS 140778 (S.D. Tex. Oct. 15, 2015) (granting company-wide conditional certification based on declaration of named Plaintiff).

Plaintiffs have made a modest factual showing that all Drill Hands and Tool Pushers are victims of a single decision, policy, or plan. The testimony from Drill Hands and Tool Pushers show that these employees work in excess of 40 hours per week but do not receive overtime compensation. De Laune's Drill Hands and Tool Pushers do not receive overtime compensation as a result of De Laune's single decision, policy, or plan to classify these employees as exempt employees. All Drill Hands and Tool Pushers are similarly situated to their respective class and should be permitted to join this litigation.

### B.    *The Court Should Provide Notice to Putative Class Members.*

The Supreme Court of the United States determined that district courts have the authority to manage the process of joining multiple parties, consider a motion for conditional certification, and issue court-approved notice in the "appropriate case." *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989). According to the Supreme Court of the United States, determining what is an "appropriate case" lies within the

"discretion" of the district court. *Id.* at 170. The benefits to the judicial system of FLSA collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* District courts are encouraged to become involved in the notice process early to insure "timely, accurate, and informative" notice and to help maintain control of the litigation. *Id.* at 171–72. This is an appropriate case for court-approved notice.

Here, prompt Court action is needed because the claims of the putative class members are being extinguished or diminished due to the running of the statute of limitations on their claims. *See Redman v. U.S. W. Bus. Res.*, 153 F.3d 691, 695 (8th Cir. 1998); *Hoffmann v. Sbarro*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of this action. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). As a result, the statute of limitations continues to run on each individual's claim until they file a consent form with the Court. *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 U.S. Dist. LEXIS 29696, at *2 (M.D. Tenn. Apr. 10, 2008). The consequence of this fundamental difference is self-evident; every day that passes is a day of damages each potential opt-in plaintiff will be unable to recover and another step towards the potential opt-in plaintiff's claim being completely extinguished by the statute of limitations.

Plaintiffs' proposed notice, attached as Exhibits "A" and "B" have been carefully drafted to mirror other judicial notice forms that have been approved by courts around

the country. They are narrowly drawn to notify potential class members of the pending litigation, the composition of the class, their right to "opt in" to the litigation, the effect of their doing so or not, and the procedure for doing so. They make no comment whatsoever on the merits of the case. As required, they are "timely, accurate, and informative." *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. at 172. As such, the proposed notices achieve the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action and should be adopted.

Plaintiffs propose that to be timely, potential opt-in plaintiffs must return to Plaintiffs' counsel their signed consent forms, received or postmarked within 90 days after the date on which the Notice and Opt-In Consent Forms are mailed. Plaintiffs' counsel will file the Opt-In Consent Forms with the Court on an ongoing basis and no later than two weeks after the end of this 90-day notice period.

### C. The Court Should Order De Laune to Produce the Names and Contact Information of the Putative Class Members to Carry Out Notice.

As discussed above, all Drill Hands and Tool Pushers who were classified as exempt employees, employed by De Laune within three years of the filing of the Complaint, are "similarly situated" for purposes of the FLSA. Thus, their identification to Plaintiffs is necessary in order to provide them with notice of the action as contemplated by the law. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. at 170 (1989). This is precisely the reason why the production of a mailing list containing potential class members is routinely required in FLSA collective actions; such lists are necessary to facilitate notice. *Id.* at 165. *Shabazz*, 2008 U.S. Dist. LEXIS 29696, at *2; *Henry v. Quicken*

*Loans Inc.*, No. 04-40346, 2006 U.S. Dist. LEXIS 70220, at *7 (E.D. Mich. Sept. 28, 2006) ("Having granted conditional class certification to Plaintiffs, this Court has the discretion to compel the production of the list of loan consultants in order to facilitate notice."). Moreover, the identity of putative class members is discoverable on other grounds. *See Hoffmann-LaRoche*, 493 U.S. at 170 (acknowledging the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter"); *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 U.S. Dist. LEXIS 42047, at *3 (W.D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly-situated employees in order to define the proposed class); *Velazquez v. FPS LP*, No. 4:13-CV-1563, 2014 U.S. Dist. LEXIS 107073, at *28 (S.D. Tex. Aug. 4, 2014) (ordering defendants to produce a computer-readable data file containing the names, last-known addresses, last-known email addresses, and last-known telephone numbers for all class members).

If the Court grants Plaintiffs' motion, the Court should also order De Laune to provide Plaintiffs a list of all putative class members necessary to carry out notice. This list should contain the last known contact information for each putative class member, including for each their name, last known address, telephone number, dates of employment, and e-mail address.

The Court should also require De Laune to post notice of this lawsuit at the relevant workplaces and include the notice in the employees' next paycheck in addition to mailing notice. *Garcia v. Salamanca Grp.*, No. 07C4665, 2008 U.S. Dist. LEXIS 22852, at *5 (N.D. Ill. March 24, 2008) (authorizing notice to be sent by mail and posted at

defendant's restaurants); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E.D. Cal. 2006) (finding that first class mail combined with posting provided for the "best notice practicable" to the potential class).

## V. CONCLUSION

Plaintiffs have provided adequate evidence to meet their lenient burden of showing they were victims of a common policy. All Drill Hands and Tool Pushers are required to perform the same non-exempt work regardless of their work site. Likewise, all Drill Hands and Tool Pushers are classified as exempt employees under the FLSA, and thus do not receive any overtime compensation. All De Laune Drill Hands and Tool Pushers are similarly situated. The Court should:

- Grant Plaintiffs' motion for conditional certification;
- Approve Plaintiffs' proposed notices and authorize their mailing; and
- Order De Laune to produce the names and addresses of class members within 10 days of the order granting conditional certification.

Respectfully submitted,


HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043


By: */s/ Timothy Steadman*
John T. Holleman
Texas Bar No. 24014806
jholleman@johnholleman.net

Timothy A. Steadman
Arkansas Bar No. 2009113
S.D. Texas Bar No. 2810976
tim@johnholleman.net

*Attorneys-in-Charge for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on March 2, 2016, the foregoing was dispatched for service by hand delivery along with summons and complaint.

                                */s/ Timothy Steadman*
                                Timothy A. Steadman
                                Arkansas Bar No. 2009113
                                S.D. Texas Bar No. 2810976
                                tim@johnholleman.net

                                *Attorney-in-charge for Plaintiffs*