United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICARDO GIL JR., *et al*,                     §
                                              §
          Plaintiffs,                         §
VS.                                           §     CIVIL ACTION NO. 2:16-CV-71
                                              §
DE LAUNE DRILLING SERVICE, LTD,               §
*et al*,                                      §
                                              §
          Defendants.                         §

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST TOOL PUSHER PLAINTIFFS**

Plaintiffs filed this collective action seeking unpaid overtime under the Fair Labor Standards Act (FLSA). D.E. 1. Defendants, DeLaune Drilling Service Ltd., DeLaune Drilling Service Management Co., LLC, Bernie DeLaune, and Mark DeLaune seek partial summary judgment dismissing the claims of Plaintiffs Pablo Alaniz, Angel Arredondo, and Daniel Trevino, all of whom were employed as tool pushers, claiming that they are exempt from the FLSA's overtime pay terms as either executive or highly compensated employees. D.E. 40. For the reasons set out below, the Court DENIES the motion (D.E. 40).

**DISCUSSION**

Generally, whether an employee is exempt from the FLSA's overtime compensation provisions is a question of fact. *Lott v. Howard Wilson Chryler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000). Whether established facts support an exemption is a question of law. *Id*. The employer bears the burden of proof to show that an

exemption applies to the complaining employee and that burden is by a preponderance of the evidence that the exemption is "plainly and unmistakably" applicable. *Meza v. Intelligent Mexican Marketing, Inc*., 720 F.3d 577, 581 (5th Cir. 2013). The statutory exemptions are further construed narrowly against the employer. *Tyler v. Union Oil Co. of Cal*., 304 F.3d 379, 402 (5th Cir. 2002). Job titles are not determinative. Rather, it is the employee's salary and primary duties that determine his or her qualification as an exempt employee. 29 C.F.R. §§ 541.2, 541.700(a).

**A. Executive Exemption**

According to Department of Labor regulations implementing the FLSA, the executive exemption is defined as follows:

> (a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
>
> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.  The Court assumes, without finding, that the tool pushers have been compensated at the qualifying rate and regularly supervise two employees as drilling hands.  There remain disputed issues of material fact regarding the other two requirements.

Defendants characterize the tool pushers as managers regarding the drilling activity assigned to them, and state that they recommend new employees and have successfully recommended the firing of at least one.  In contrast, Plaintiffs have offered evidence that tool pushers are engaged in skilled manual labor applied to tasks circumscribed by those who supervise them.  Their judgment and discretion is limited to a prescribed set of options for executing their task assignments.  All employees, including hands, are encouraged to recommend new hires.  And all employees, including hands, are required to monitor the work site for safety issues, including the employee falling asleep on the job.  It is significant that the employee with the sleep problem was fired only after a manager higher in the company's organization viewed the behavior himself.

Because there are disputed issues of material fact regarding tool pushers' managerial responsibilities and the weight given to their recommendations for hiring and firing, Defendants are not entitled to judgment as a matter of law that the tool pushers are subject to the executive exemption.

**B.  Highly Compensated Exemption**

According to Department of Labor regulations implementing the FLSA, the highly compensated employee exemption is defined as follows:

> (a) An employee with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.

29 C.F.R. § 541.601.

Under this section, high compensation offsets some of the more detailed job duty considerations of the executive exemption, such that, for example, supervision of at least two other employees may be sufficient to qualify for the exemption without the necessity of considering the other factors of that exemption.   29 C.F.R. § 541.601(c). It is important, however, that the employee's primary duties be office-related or non-manual. 29 C.F.R. § 541.601(d).   There is some evidence that the work of tool pushers, while highly skilled, is difficult manual work out in the field and is not an office job.

Because there are disputed issues of material fact regarding tool pushers' duties being manual labor, Defendants are not entitled to judgment as a matter of law that the tool pushers are subject to the highly compensated employee exemption.

## CONCLUSION

For the reasons set out above, Defendants' motion for summary judgment (D.E. 40) that tool pushers, Pablo Alaniz, Angel Arredondo, and Daniel Trevino are subject to the executive and/or highly compensated employee exemptions is DENIED.

ORDERED this 27th day of September, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE