UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO GIL JR., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-71 |
| | § | |
| DE LAUNE DRILLING SERVICE, LTD, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON EMPLOYER STATUS

Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA) against four Defendants: (1) De Laune Drilling Service, Ltd. (DLDS Partnership); De Laune Drilling Service Management Co., LLC (DLDSM General Partner); Bernie De Laune (Bernie); and Mark De Laune (Mark). Before the Court are Bernie's motion for summary judgment (D.E. 64), contending that he is not a FLSA employer as a matter of law and Plaintiffs' motion for partial summary judgment (D.E. 67) that DLDSM General Manager and Mark are FLSA employers as a matter of law.

### DISCUSSION

The parties do not disagree regarding the method by which employer status is determined under FLSA.

> An " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. . . . To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to

> hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." In cases where there may be more than one employer, this court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test."

*Gray v. Powers*, 673 F.3d 352, 354–55 (5th Cir. 2012) (citations omitted). Each element need not be present in every case. *Id*. at 357.

**Mark De Laune**. Defendants have conceded that Mark is a FLSA employer under this test. D.E. 72. Therefore, the Court GRANTS IN PART Plaintiffs' motion for partial summary judgment (D.E. 67) and concludes that Mark is a FLSA employer of Plaintiffs.

**DLDSM General Partner**. Plaintiffs argue that DLDSM General Partner is a FLSA employer as a matter of law, based on Texas Business Organizations Code § 153.152(a)(2). D.E. 67, p. 2. That provision states "[A] general partner of a limited partnership: . . . has the liabilities of a partner in a partnership without limited partners ***to the partnership and to the other partners***." (emphasis added). The general partner's liability to the limited partners or partnership is not helpful to Plaintiffs.

However, the next provision reads, "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners ***to a person other than the partnership and the other partners***." Tex. Bus. Org. Code § 153.152(b) (emphasis added). Thus, "in a limited partnership, the general partner is always liable for the debts and obligations of the partnership." *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 474 (Tex. App.—Dallas 2008, pet. denied).

Having the liabilities of the partnership is not equivalent to sharing the status of employer such that there are two employers against which to assess damages. While DLDSM General Partner may have engaged in functions that satisfy the economic realities test, Plaintiffs have not placed any such evidence in the summary judgment record. So while they may join DLDSM General Partner as a Defendant pursuant to its statutory vicarious liability, Plaintiffs are not entitled to summary judgment that it acted as a FLSA employer on this record. Therefore, the Court DENIES IN PART Plaintiffs' motion for partial summary judgment (D.E. 67) as to DLDSM General Partner's status as one of Plaintiffs' FLSA employers.

**Bernie De Laune**. Bernie founded DLDS Partnership in 1963. D.E. 64-1, p. 3. In the mid-1980s, he began to gradually step away from the operation. *Id*. However, at his deposition, Mark testified that Bernie still comes into the office several days a week, stays for a few hours, and goes to lunch with Mark. *Id*., p. 4. There are differing accounts as to whether Bernie currently takes any active role in the operations. Some deposition testimony says that he just keeps to himself when he is on the premises. One employee says Bernie told him to wear his safety glasses when he was working and did not have them on. And Mark conceded that Bernie may have told him to wear a hard hat in recent years, testifying that it was "very possible" that Bernie would concern himself with such issues.

This action was filed on March 2, 2016. D.E. 1. The complaint alleges willful conduct, which places in issue the hours worked and wages paid to Plaintiffs for three years prior to the filing. *E.g., McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 132

(1988). Thus the Court is concerned with conduct dating back to March 2, 2013. At that time, it is undisputed that Bernie owned at least some of the partnership units for DLDS Partnership, Plaintiffs' ostensible employer, and was compensated as an officer or agent of DLDS Partnership. D.E. 64-3 (Agreement documenting Bernie's transfer of his partnership interest to Mark as of September 30, 2013); D.E. 64-7, pp. 6-7. There is also some evidence that the company formulated its methods of paying employees such as Plaintiffs in 2002 and 2009-10, before Bernie divested himself of his financial interest in the operation and at a time when his ceding of control is not quantified. *See* D.E. 65-1, p. 2.

In Bernie's reply (D.E. 76), he argues that these facts are not enough to defeat his claim that he was not a FLSA employer as a matter of law, citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). *Williams* is a case addressing the FLSA employer-employee relationship in the context of prison labor. Bernie does not explain how that decision is relevant here, other than that it states the economic realities test, which is the undisputed rubric for the Court's decision.

Bernie also draws upon the decision in *Gray v. Powers*, *supra*. While the Court agrees with the holding in *Gray* that having an ownership interest in the company is insufficient, by itself, to incur FLSA employer liability, the cases are distinguishable. In *Gray*, the individual was an investor in the club who went there "rarely," and only in a social capacity. His discussions with bartenders about their tips was described as "casual." And while he signed checks, they were always several pages of pre-printed

checks and he did so only because he was a signatory on the account, not because he was reviewing or approving expenditures.

In contrast, Bernie had once asserted complete operational control over DLDS Partnership and the Court cannot assume that, in the course of turning the business over to his son, he had lost all practical influence at any particular time, especially when he still held a financial interest during the time in question.  Bernie's visits to the business are routine rather than rare.  The evidence of his control, while sparse, involves important issues of employee workplace safety.  And the evidence of his relationship with the current owner, his son, permits inferences that his influence over at least some aspects of the employer-employee relationship continues.

Supervising employees and determining the rate and method of payment are two indicators of employer status under the economic realities test.  Construing all doubts in favor of the non-movants as required by the summary judgment standard of review, the Court holds that there is a disputed issue of material fact as to whether Bernie was a FLSA employer during the relevant time period.  Consequently Bernie's motion for summary judgment (D.E. 64) is DENIED.

## CONCLUSION

For the reasons set out above, Plaintiffs' motion for partial summary judgment (D.E. 67) is GRANTED IN PART and DENIED IN PART.  The Court ORDERS that Defendant Mark De Laune is a FLSA employer of Plaintiffs.  The Court further ORDERS that Plaintiffs have not demonstrated as a matter of law that De Laune Drilling Service Management Co., LLC is a FLSA employer.

In addition, Bernie De Laune's motion for summary judgment (D.E. 64) is DENIED.

ORDERED this 27th day of September, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE